On the Merits.
The petition alleges that the defendant is .an intruder into and usurper of the office of -sheriff of the parish of Calcasieu, and that he unlawfully holds said office, because he was not legally elected to said office, he having been at the time of his election ineligible to said office by reason of the fact that during a previous term in the same office he had collected licenses and taxes for the state and parish and had failed to obtain a discharge for the amount of such collections, and was a defaulter to the amount of $12,-164.28.
The petition goes on to allege as follows:
“That the said David J. Reid is a permanent defaulter, as shown by Ms own confession, made in open court more than a year after the expiration of his said term of office, in the following numbered and entitled suits on the civil docket of your honorable court, to wit: No. 2,974, Mrs. M. Perkins et al. v. David J. Reid; No. 3,064, Wm. E. Ramsey v. David J. Reid; and No. 3,065, Chas. Miller v. David J. Reid. Certified copies of said judgments are hereto attached for reference.”
The judgments thus annexed to the petition show that the sureties on the former bond of the defendant as sheriff paid to the state, for taxes and licenses collected by him as tax collector and due by him to the state, the sum alleged in the petition; that said payment was made to the district attorney, who issued to the sureties a receipt for same; and that later the sureties sued defendant as subrogees of the state, and, on his confession, obtained judgment.
Article 182 of the Constitution reads as follows:
“No person who, at any time, may have been a collector of taxes, whether state, parish, or municipal, or who may have been otherwise intrusted with public money, shall be eligible to the General Assembly, or to any office of honor, profit, or trust, under the state government, or any parish, or municipality thereof, until he shall have obtained a discharge for the amount of such collections, and for all public moneys with which he may have been entrusted; and the General Assembly is empowered to enact laws providing for the suspension of public officials charged with the collection of public money, when such officials fail to account for same.”
Defendant filed an exception of no cause of action-, which, as already stated, was sustained. In support of the exception it is argued that the receipt obtained from the district attorney by the sureties is a discharge obtained by the defendant, within the *111 intendment of the above article; that the state having received her money, and having no further demand, the officer is discharged ; that any other interpretation would make the article read, not merely, as now, that the officer must obtain a discharge, but that he must obtain a discharge “from the state, his bondsmen, or other creditors.”
We are not impressed by this argument. It confounds between a payment made by the sureties in satisfaction of their obligation and one made by the officer in satisfaction of his obligation. When payment is made by the sureties, the obligation of the officer is not extinguished, or even diminished. The sureties are subrogated to the rights of the state, which continue in full force and effect. There is a change of creditors, that is all. To say, under these circumstances, that the officer is discharged, is simply to run in the face of the whole situation. The simple answer is that the officer is not discharged.
In contemplation of law, the sureties pay in every case.- That is what they are sureties for. It does not always work, that way in actual practice, but that is the theory ; and laws are interpreted according to their theory, and not according to what may turn out to be their operation in actual practice. In contemplation of law, therefore, if the interpretation contended for be correct, the disqualification is intended to last only until the sureties shall have been made to pay. Such an interpretation has only to be expressed to be condemned.
To say that article 182 only concerns itself with getting the dollars into the- treasury, and cares for naught else, is to degrade this important constitutional provision, for whose history see State ex rel. v. Echerveria, 33 La. Ann. 709, into a mere expedient for the better collection of the revenue. That function, we are safe to say, belongs to the bond exacted of the officer, and to the sundry other devices to that end to be found in the revenue law, and not to this important constitutional provision, which looks, not to the collection of the revenue, but to the general police and good order of the state, to keeping out of office those who by defalcation in the past have proven themselves untrustworthy, and to deterring defalcations in the future. A defaulting officer, whose sureties have, in satisfaction of their own obligations, paid up, is not more worthy of trust than an officer whose sureties have not paid up. And what terrors could this law have if a payment by the sureties, a thing supposed to take place in every case, were to disarm it?
The cases cited by the learned counsel for defendant are easily distinguished by the fact that in them the payment was made by the officer himself.
The exception of no cause of action should have been overruled.
Before the exception was tried, defendant filed his answer; and thereupon plaintiff filed a supplemental petition, designed to meet some allegations of this answer. On objection being made that this supplemental petition was in the nature of a replication, and that replications are not allowed in our practice, the judge dismissed the supplemental petition. Plaintiff complains of this ruling; but it was manifestly correct. “Replications are not permitted by our law, and so all allegations in the answer are open to every objection of law and fact, as nonage, coverture, fraud, prescription, and the like, as if specially pleaded.” Hen. Dig. p. 1155, No. 1.
Judgment set aside, and case remanded, to be proceeded with according to law.